IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERMAINE GREENE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-504-RGA |
| DEPUTY WARDEN PARKER, | : |
| Defendant. | : |

Jermaine Greene, Howard R. Young Correctional Institution, Wilmington, Delaware. Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware; Counsel for Defendant.

**MEMORANDUM OPINION**

June 10, 2019
Wilmington, Delaware

*[signature]*
ANDREWS, U.S. District Judge:

Plaintiff Jermaine Greene, an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware filed this action pursuant to 42 U.S.C. § 1983. When he commenced this action, Plaintiff was housed at the James T. Vaughn Correctional Center, in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). Defendant moves to dismiss for failure to prosecute or, in the alternative, for summary judgment. (D.I. 24).

## BACKGROUND

Plaintiff commenced this action on May 3, 2017. (D.I. 1). On October 3, 2017, the Court screened the Complaint, dismissed all Defendants except Deputy Warden Parker, and gave Plaintiff leave to amend. (D.I. 8, 9). On October 12, 2017, the order was returned as undeliverable and on October 17, 2017, the Delaware Department provided a new address for Plaintiff. (D.I. 10, 11). The order was remailed and Plaintiff sought, and was given, an extension of time until December 4, 2017 to file an amended complaint. (D.I. 12, 14). When Plaintiff failed to timely file an amended complaint, the case was closed.

Plaintiff moved for reconsideration, the case was reopened, Plaintiff filed an amended complaint, and a service order was entered. (D.I. 16, 17, 20). Defendant answered, and a scheduling order was entered that provided a discovery deadline of October 5, 2018, and a dispositive motion deadline of February 5, 2019. (D.I. 23).

On January 31, 2019, Defendant filed a motion to dismiss for Plaintiff's failure to prosecute the case. (D.I. 24). On February 27, 2019, the Court entered an order for

1

Plaintiff to respond to the motion on or before March 19, 2019 and mailed it to the address on the Court docket. (D.I. 25). The order was returned as undeliverable. (D.I. 26). On April 26, 2019, the Court was informed of Plaintiff's new address at the HYRCI and remailed the order to Plaintiff. To date, Plaintiff has not filed a response to the motion to dismiss.

## LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). Dismissal "must be a sanction of last, nor first resort." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 869 (3d Cir. 1984).

The Court should assess the following six factors to determine whether dismissal is warranted and abuses its discretion where it fails to properly consider and balance the factors. *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019). The six factors are: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v.*

2

*Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). The record must support the District Court's findings on the six factors. *Poulis*, 747 F.2d at 868.

The Court must balance the factors and may dismiss the action even if all of them do not weigh against Plaintiff. *See Emerson*, 296 F.3d at 190. Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). "[C]ases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132. If the case is close, "doubts should be resolved in favor of reaching a decision on the merits." *Id.*

## DISCUSSION

Defendant moves for dismissal for failure to prosecute, noting that Plaintiff has taken no action in this matter since January 2018, other than to seek extensions of time. Plaintiff has not served discovery as set forth in the June 2018 scheduling order. The Court finds that the *Poulis* factors warrant dismissal of Plaintiff's claims.

First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, Defendant is prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v.*

3

*Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to take any action impedes Defendant's ability to develop a trial strategy.

As to the third factor, there is a history of dilatoriness. The record reflects that Plaintiff filed a motion for an extension of time and, after receiving an extension, did nothing. (D.I. 18, 19). Plaintiff never advised the Court of his transfers to different prisons, which is also evidence of dilatoriness. Instead, on both occasions, the prison, and not Plaintiff, provided the Court with Plaintiff's new addresses. (*See* D.I. 11 and Apr. 26, 2019 notation on docket). Finally, Plaintiff did not respond to Defendant's motion to dismiss or, in the alternative for summary judgment, that was filed in January 2019.

As to the fourth factor, because Plaintiff has taken no action since January 19, 2018, when he filed a motion for an extension of time to file an amended complaint,[1] the Court is unable to discern whether his failure to prosecute is willful or in bad faith. Hence, the fourth factor weighs against dismissal. *See Hildebrand*, 923 F.3d at 135.

As to the fifth factor, because Plaintiff proceeds *in forma pauperis* and is incarcerated, it is doubtful that monetary sanctions would be effective. Striking Plaintiff's pleadings would have the same effect as dismissal since the Complaint and Amended Complaint are the only substantive pleadings filed by Plaintiff. Striking discovery would be ineffective since no discovery has taken place.

---

[1] Plaintiff failed to file an amended complaint despite the fact that his motion was granted.

4

Turning to the sixth factor, Plaintiff alleges that following the February 2017 JTVCC prison uprising, meals were reduced to half portions, he was no longer allowed commissary food, and he lost 18 to 20 pounds because of "intentional decreased nutrition." (D.I. 1 at 2). Plaintiff describes the inadequate food rations as receiving less than six ounces of eggs, the denial of fresh fruit, and half portions of all other rations except for hamburgers, hotdogs, chicken patties, and fish. The Complaint alleges that Parker, as the warden, was responsible for the policy, rules, and regulations that govern all segregation, but it contains no allegations of Parker's personal involvement in the alleged reduced meal portions. (*Id.* at 3). The Complaint also alleges that inmates placed in punitive segregation no longer had commissary privileges and, when inmates complained, they were told commissary privileges would not be restored until the "warden changes things." (D.I. 1-1 at 2).

"The standard for determining whether a plaintiff's claims are meritorious 'is moderate.'" *Hildebrand*, 923 F.3d at 137. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Id.* (quoting *Poulis*, 747 F.2d at 869-70). In viewing the Complaint's allegations, the Court finds that Plaintiff's claim is far less that moderately meritorious. The allegations do not indicate that all food portions were reduced nor do they point to Parker's personal involvement. In addition, a prisoner does not have a constitutional right to commissary privileges. *See Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e know of no constitutional right of access to a prison . . . snack shop."); *Madison v. Parker*, 104 F.3d 765, 768 (5th

Cir. 1997); *Parks v. Anderson*, 2014 WL 4854570, at *34 (E.D. Ky. Sept. 29, 2014). Therefore, the sixth factor weighs in favor of dismissal.

Given Plaintiff's failure to take any action in this case since January 2018 and his apparent abandonment of the case, the Court finds that the *Poulis* factors weigh in favor of dismissal.

## CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss for failure to prosecute and dismiss as moot the alternative motion for summary judgment. (D.I. 24).

An appropriate Order follows.